RAYMOND J. BACON *vs.* AETNA LOAN & FINANCE COMPANY *et al.*

JUNE 20, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This suit in equity is before us upon the complainant's appeal from a decree of the superior court dis-

missing the bill of complaint after hearing upon bill, answer and replication. No service seems to have been made upon any of the five individuals named as respondents in the bill and no appearance was entered by any of them. The sole answer was filed by the only real respondent, the Royal Finance Company, a corporation doing business in the city of Providence. The claim of appeal sets forth five grounds, but only two of them have been relied upon before us, viz., that the decree is against the evidence and the weight thereof and that it is against the law.

The grounds upon which the complainant, at the hearing in the superior court, contended that the prosecution against him of a certain action of debt on judgment be permanently enjoined, the only substantial relief then sought by him, were in some respects quite different from those set forth in his bill. But, as these differences were not relied upon by the respondent or the trial justice as a reason for the denial of relief to the complainant, we shall dispose of the cause as if the bill had set forth the grounds for relief which were relied upon at the hearing.

The undisputed facts are as follows: On May 26, 1930, the Aetna Loan & Finance Company brought an action at law, in a district court of this state, against the present complainant and the five individuals named as respondents in the present bill. That action was to recover on a promissory note to that company for $800, which purported to bear the signatures of these six persons as makers. The present complainant and three of the other defendants in that action were duly served with process therein; and on June 23, 1930 a judgment for the plaintiff was entered in that court against those four defendants, for $779.52 and costs, and became final.

Later that judgment was sold and assigned by the plaintiff to the present respondent Royal Finance Company, which, by a writ returnable to the same district court on

March 18, 1937, brought against the same four defendants an action of debt on judgment, based on the above-mentioned judgment. Process was served on the other three defendants, but no service was made on the present complainant, who never entered any appearance. Decision was, however, entered in the district court against all four defendants named.

That action, on an appeal by the other three defendants, was taken to the superior court, where a judgment was entered against all four defendants on October 23, 1937. Thereafter the papers in the case were remitted to the same district court for supplementary proceedings, in the course of which the complainant was summoned in for examination. At such examination it was pointed out to the court that he had never been served with process in that case and therefore the judgment was treated as of no validity against him.

Thereafter, the present respondent, in the district court, brought against this complainant. alone an action of debt on judgment, based on the above-mentioned original judgment of June 23, 1930 against him and three other defendants. This latest action is the one the further prosecution of which the complainant seeks to have enjoined in the present suit. The writ in this action was served on him; and a decision against him was entered in that court, after which he brought the case, by appeal, to the superior court, where it is now pending.

At the hearing in the superior court upon the merits of the present suit the complainant testified that he did not sign the note upon which the original above-mentioned. action against him and others was based; that the note, when he saw it, was for only $100; and that he did not make any defense in that action because he was told, in substance, by the plaintiff's attorney therein, that he need not pay any further attention to the case. At that hearing

he did not contend that he was entitled to relief, unless he proved at least one of these alleged facts.

After comparing admittedly genuine signatures of the complainant with what purported to be his signature on the note, and after hearing and considering testimony by the man who had been the plaintiff's attorney in the original action and other relevant testimony, the trial justice decided against the complainant on all these points and therefore entered a decree dismissing the bill. We have examined the evidence in the case and find no sufficient reason for setting aside the above findings by the trial justice.

In the brief filed in this court in behalf of the complainant, the main contention of law seems to be that the plaintiff in the first action of debt on judgment, "in proceeding to take judgment in that action without due process upon the complainant, took such judgment only as against the other parties defendant upon whom due service of process had been made and in so doing exonerated and discharged the complainant from all liability as a party defendant in that cause, and further exonerated and discharged the complainant from all liability in and under the judgment of June 23, 1930, upon which the action of debt on judgment of 1937, was based."

This is an ingenious contention. But no such ground for relief was set forth in the bill of complaint; no such contention was, so far as appears, made or suggested in the superior court; and no argument or authority has been submitted to us in support of it. In view of these facts we cannot properly consider it.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John D. DiStefano,* for complainant.

*Joseph E. Adelson,* for respondent.